William L. Osterhoudt (SBN 43021)
Frank S. Moore (SBN 158029)
Dolores T. Osterhoudt (SBN 215537)
Law Offices of William L. Osterhoudt
135 Belvedere Street
San Francisco, CA 94117
Telephone: (415) 664-4600
Email: osterhoudt@aol.com

Attorneys for Defendant
NAUM MORGOVSKY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. Cr-16-0411 VC |
| ) | |
| Plaintiff ) | **DEFENDANT NAUM MORGOVSKY'S** |
| ) | **SUPPLEMENTAL BRIEFING ON ISSUE** |
| v. ) | **OF ORDER OF TRIALS** |
| ) | |
| NAUM MORGOVSKY, et. al, ) | |
| ) | Date: November 28, 2017 |
| Defendants ) | Time: 10:30 a.m. |
| ) | Place: Hon. Vince Chhabria |

In an order dated November 7, 2017, the Court granted severance of counts One through Five from the balance of the case. During the motions hearing conducted November 8, 2017, the Court requested that Defendant Morgovsky file supplemental briefing on the issue of the ordering of these trials. This Order was the result of Mr. Morgovsky's stated position that following severance, the export and related money-laundering counts should proceed to trial first, before the severed bank fraud related counts. The Court indicated that it was inclined, notwithstanding Mr. Morgovsky's position, to require that he stand trial on the bank fraud counts first, observing that those charges had

*United States v. Morgovsky, et. al.,* Case No. Cr-16-0411 VC
Naum Morgovsky's Supplemental Briefing on Issue of order of Trials

1

been pending longer then the night vision and money laundering charges and therefore was presumably more ready to proceed to trial.

Mr. Morgovsky and his counsel strongly believe that he would be prejudiced by requiring him to stand trial initially on Counts One through Four.[1]  At the November 8, 2017 hearing, the Court directed counsel for Mr. Morgovsky to file a pleading which contained a "specific" explanation as to the prejudice Mr. Morgovsky would suffer if put to trial on the bank fraud allegations first.  In the context of severance, the burden rests on the defendant to present enough information regarding the nature of the testimony he wishes to give on the one count and his reasons for not wishing to testify on the other to satisfy the court that his claim of prejudice is genuine, and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying. *Baker v. United States,* 401 F.2d 958, 977 (D.C.Cir.1968).

We concede at the outset that we have found no authority bearing directly on this question where a defendant who intends to testify on only one of two severed branches of a case, declares that he will testify on one of these but not the other and asserts that the case upon which he intends to testify must be tried first.  This dearth of authority is not surprising since the situation does not often arise.

We submit, however, that this absence of direct authority on the precise question should not control the Court's resolution of the order of trials issue.  Based on practical experience, it is apparent to Morgovsky's counsel that testifying and being subjected not only to cross-examination but also to

---

[1] Defendant's pleadings on this issue previously embraced Count Five, which alleged aggravated identity theft against defendant's co-conspirator, Mark Migdal. Mr. Migdal has pled guilty and thus the allegation in Count Five will not be directly before the Court at Defendant's trial on Counts One through Four.

*United States v. Morgovsky, et. al.,* Case No. Cr-16-0411 VC
Naum Morgovsky's Supplemental Briefing on Issue of order of Trials

the attempted introduction of "other crimes" evidence under F.R. Crim. P. 404(b), will inevitably jeopardize the defendant's effective exercise of his Fifth Amendment privilege to remain silent at the later trial on alleged Armed Export Act violations. A vast number of things could occur during and as a result of his testimony in defense of the bank fraud charges, and a great many of these things will occur. Mr. Morgovsky's testimony will be expansive. He will have to testify about his somewhat complex relationship with Mr. Migdal and his (Morgovsky's) thought processes when the short sale transactions were contemplated. He will have to address his contact, or more accurately the lack thereof with the financial institutions that were allegedly defrauded. He will certainly have to explain his use of the nom de plume "Gary Piper" and why his use of that name was not connected to any fraudulent purpose.

    Mr. Morgovsky's testimony will of necessity delve into his background and contacts, in Ukraine, Russia, and other countries. Some of these are countries relevant to the conduct of his legitimate night vision business. It is easy to envision ways in which his direct testimony concerning his background, and more importantly cross-examination, on these subjects could and undoubtedly would raise issues related to his business activities and contacts. It is entirely likely that the government might in the course of its' cross-examination or thereafter claim that the defendant had "waived" his right to remain silent on subjects relevant to the export case. The government has signaled its' intention to seek to introduce "other crimes or frauds" evidence pursuant to F.R. evid. 404 (b) and we have no way of knowing to what extent that evidence might require the defendant to testify about matters touching upon the Export Act and money laundering allegations in Counts 9, 10 and 11. The government might seek to introduce as substantive evidence at the trial of the export allegations evidence that it developed in the course of examining Mr. Morgovsky in the bank fraud case.

*United States v. Morgovsky, et. al.,* Case No. Cr-16-0411 VC
Naum Morgovsky's Supplemental Briefing on Issue of order of Trials

In its' June 11 2017 submission regarding severance, the government manifested its intention to claim that Mr. Morgovsky to "directed Migdal to open a company called Infrovision" and got Migdal involved in transactions of products controlled for export.  The government also stated that it intended to claim that the defendant directed Migdal's secretary to ship boxes to Russia (through a freight forwarder) which the government claims (and Mr. Morgovsky denies) contained products controlled for export. These are merely examples of government claims and evidence in the bank fraud case involving Migdal that may impact a subsequent trial on the export charges. Of course a conviction on the bank fraud allegations could be offered by the government as evidence against the defendant in the later trial. Although such an offer would be vigorously opposed, it could impact the exercise of defendant's right to remain silent.

Of course it can be argued that the Court has broad discretion not only with respect to the order of trials in general, see *US v DiBernardo* 880 F.supp 1216,1228 (11th Cir. 1989), but also with respect to evidence offered over objection that, while relevant, it will be unduly prejudicial to the defendant. F.R. evid 403. Viewed in the abstract it is difficult to see however, how such rulings would affect the orderly flow of evidence at the second trial and whether effective protection of the defendant's Fifth Amendment rights in the export trial may tend to distort that presentation, either effectively compelling him to testify or calling undue attention to his silence. In defendant's view there is no reason to run the risk of such occurrences when it can be avoided by simply scheduling the export trial, in which the defendant does not expect to testify, to proceed first. With that trial behind him, Mr. Morgovsky can testify and respond to all questions as necessary in the bank fraud case without endangering his Fifth Amendment rights at a future time.

*United States v. Morgovsky, et. al.,* Case No. Cr-16-0411 VC
Naum Morgovsky's Supplemental Briefing on Issue of order of Trials

4

Date:  November 15, 2017                    Respectfully submitted,

                                            /s/ *William L. Osterhoudt*_____
                                            William L. Osterhoudt, Esq.
                                            Attorney for Defendant Naum Morgovsky

*United States v. Morgovsky, et. al.,* Case No. Cr-16-0411 VC
Naum Morgovsky's Supplemental Briefing on Issue of order of Trials