WILLIAM L. OSTERHOUDT (SBN 043021)
FRANK S. MOORE (SBN 158029)
DOLORES T. OSTERHOUDT (SBN 215537)
Law Offices of William L. Osterhoudt
135 Belvedere Street
San Francisco, California 94117
Telephone (415) 664-4600
Facsimile (415) 664-4691
Email: osterhoudt@aol.com

Attorneys for Defendant
NAUM MORGOVSKY

IN THE UNITED STATE DISTRICT COURT,

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. Cr-16-0411 VC |
| Plaintiff | |
| v. | **DEFENDANT NAUM MORGOVSKY'S MOTION IN LIMINE TO EXCLUDE "OTHER CRIMES EVIDENCE"** |
| **NAUM MORGOVSKY, et. al.,** | |
| Defendants | Date: May 2, 2018 |
| | Time: 8:30 a.m. |
| | Place: Judge Chhabria |

## INTRODUCTION

On January 30, 2018, the government filed a document titled "United States Notice of Rule 404(B) Evidence." In this Notice, the Government signaled its intention to offer in evidence at the trial of Naum and Irina Morgovsky 13 classes, or categories, of evidence concerning alleged wrongdoing, not included in the superseding indictment upon which the Morgovskys are scheduled to begin trial on May 9, 2018 (jury selection on May 2). These uncharged allegations refer, often in vague terms, to such disparate matters as Mr.

---

1

*Defendants' Motion In Limine To Exclude "Other Crimes Evidence",* Case No. Cr-16-0411 VC

Morgovsky's involvement in night vision related activities "as early as the late 1990s," allegations that Mr. Morgovsky aided Mr. Migdal in an attempt to defraud his mortgage lender, and Mr. Morgovsky's alleged failure to pay his taxes over the years. Some of the listed items do not allege criminal conduct at all, such as the claim that Mr. Morgovsky "used other businesses" to hold the title to his car, and that the Morgovskys' personal vehicles are "owned in the name of a corporation they control." Some are the subject of Counts 1 through 5 of the superseding indictment which were improperly joined with the Export Control Act and money laundering violations now proceeding to trial, and have accordingly been severed out of this trial.

The Government's attempt to introduce evidence of this uncharged conduct is misguided and should be rejected by the Court. This is true regardless of whether the Government's Notice is characterized as an attempt to introduce evidence pursuant to F.R.Crim.404(b), or under the theory that the proffered evidence is somehow "inextricably intertwined" with the crimes charged. The evidence in question has no legitimate place in the trial of the Morgovskys on charges that they violated the Export Control Act and that Mr. Morgovsky laundered money derived from such violations.

## DISCUSSION

Since filing its Notice on January 30, 2018, the Government has not re-approached the question of "other crimes" evidence and its place, if any, in the upcoming trial. On March 31, 2018, counsel for Mr. Morgovsky wrote the Government a letter calling attention to the deficiencies in the Government's Notice and requested that the prosecution file a motion seeking admission of any materials it thinks admissible, providing a clear legal basis for this relief. The Government has not responded to this request, other than to say it was unaware of a

requirement that it file a Motion specifically seeking the admission of "other crimes" evidence, but that the Prosecutor would conduct research concerning the matter.

Under Section 404(b)(1) of the F.R.Crim.Proc., evidence of a crime, wrong, or other act, is not admissible to prove a person's character in order to show "that on a particular occasion the person acted in accordance with that character." This is an application of the venerable rule that character evidence is generally inadmissible against a defendant in a criminal trial because of the prejudice inherent in such evidence and the confusion and delay the introduction of such evidence may entail. Rule 404(b)(2) allows the admission of evidence of other wrongful acts if they are relevant to prove other elements of the offense on trial, notably motive, opportunity, intent and other material facts at issue. However, the Court must carefully scrutinize such evidence to ensure that it is not primarily directed against the character of the accused and that its legitimate relevance, if any, is not outweighed by the prejudice that will result. Thus, even evidence admissible under Rule 404(b) may be excluded if the Court finds its relevance outweighed by prejudice pursuant to Section 403. *U.S. v. Preston*, 873 F.3rd, 829, 840, (9th Cir. 2017). Federal Rule of Evidence 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

When seeking to introduce other "acts" Section 404(b) evidence for the purpose of proving intent, the proposing party must show that "the other act is similar to the offense charge" *U.S. v. Hadley*, 918 F.2nd, 848-851, (9th Cir. 1990). This showing of similarity is necessary because unless the other act is sufficiently similar to the offense on trial "it does not tell the jury anything about what the Defendant intended … unless, of course, one argues (impermissibly) that the [other] establishes that the Defendant has criminal propensities." *U.S. v. Miller*, 874 F.2nd, 1255, 1269, (9th Cir. 1989). In introducing other acts evidence for a supposedly legitimate purpose, the Government must always show that the act tends to prove a

---

3

*Defendants' Motion In Limine To Exclude "Other Crimes Evidence",* Case No. Cr-16-0411 VC

material element or point, and that the act is not too remote in time from the crime charged. *United States v. Preston*, supra, 873 F.3rd at 841. Our courts have employed a four part test to determine if evidence may be admitted under Rule 404(b): (1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent or knowledge, the other acts must be similar to the offense charged. See, *United States v. Bradley*, 5 F. 3rd, 1317 (9th Cir. 1993).

In *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) the court held that "[t]he Government, however, must carry the burden of showing how the proffered evidence is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Id.* The government's letter to the defense does not come close to 'articulat[ing] precisely the evidential hypothesis' which makes this uncharged acts evidence admissible. As to each of the uncharged acts of alleged misconduct, the government quotes Rule 404(b) in the hope that this mere recitation will make the evidence admissible.

In *Huddleston v. United States*, 485 U.S. 681, 689 n. 6 (1988), the Court indicated that "the strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing". Fed.R.Evid. 404, Advisory Committee Notes on 1991 Amendments provides that "[t]he court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness". While it can be argued whether the Government's notice was timely, it is definitely incomplete and, in addition to failing to "articulat[e] precisely the evidential hypothesis" which makes this uncharged acts evidence admissible, it fails to allow this Court to conduct the Rule 403 balancing.

---

4

*Defendants' Motion In Limine To Exclude "Other Crimes Evidence",* Case No. Cr-16-0411 VC

The Government's Notice fails to satisfy the requirements of Rule 404(b). While the Notice catalogs a number of items, or classes of evidence it would like to introduce, it provides no explanation of how this evidence relates specifically to the present charges. The indictment charges the Morgovskys with conspiring to unlawfully export specifically identified night vision related items, and charges Mr. Morgovsky with laundering the proceeds of that specific activity. The Government's Notice alleges that "as early as the late 1990s," the Morgovskys, with "other unindicted co-conspirators" conspired to export defense articles to certain European countries without obtaining the required license. This is really not notice of anything as it provides utterly no specific information concerning what the Government is talking about. The "late 1990s" transpired from 18 to 20 years ago and we have no idea what witnesses or exhibits the Government might summon to prove such a charge, beyond the random gossip of other individuals.

The Government claims that, again "as early as the late 1990s" the Morgovskys exported "dual-use" items to a range of countries, including Russia without the required licensing and that once in March, 2001, Mr. Morgovsky "was stopped" when entering the United States by Customs based on a night vision component he allegedly possessed. The fact that Mr. Morgovsky was "stopped" does not prove anything and the Notice is bereft of any details that would enable him to rebut this charge. In Item 4 of its Notice, the Government claims that the Morgovskys had at some unspecified time conspired with other unidentified people to smuggle night vision equipment into Russia to avoid Russian import tariffs, but the Government fails to explain what that conspiracy entailed, who was involved, its operative dates, and how it specifically relates to export violations charged in the present case. At several places in its Notice, the Government alleges that Mr. Morgovsky committed identity theft

*Defendants' Motion In Limine To Exclude "Other Crimes Evidence",* Case No. Cr-16-0411 VC

against deceased persons in various connections and includes the erroneous claim that he was convicted in 2008 of the crime of identity theft. See Items 5 and 8. Mr. Morgovsky is charged with aggravated identity theft in connection with his alleged involvement in the short sale of two Hawaii properties by Mark Migdal in Counts 1 through 5 of the original indictment in this case. But these charges have been severed away from the present trial because they were improperly joined. Mr. Morgovsky is not charged with identity theft in the pending counts now proceeding to trial and it would clearly be unduly prejudicial and time consuming to permit the Government to prove up its bank fraud case during this trial, which is about alleged export act violations and alleged money laundering.

Some of the items referenced by the Government in its Notice are not even about allegedly criminal conduct, such as Mr. Morgovsky's use of a storage facility in Chicago to house night vision equipment which was not being exported (Item 6), Mr. Morgovsky's use of "other businesses" to hold title to some of his assets, including a vehicle, and the Morgovskys' use as a "nominee owner" of the home in which they reside in Hillsborough, California. The Government wants to present evidence that the Morgovskys have failed to file income tax returns since 2001 and that they have committed "affirmative acts of evasion with respect to federal income taxes owed." These acts are enumerated in Item 13(a) through (d) and amount to an attempt by the Government, in this trial, to prosecute the Defendant for a crime with which he has never been charged. Tax prosecutions are complex and multi-faceted, involving voluminous details about a defendant's personal and business income, his expenditures and other facts that would have to be developed in a proper tax prosecution. The Government seeks to avoid this complexity by throwing these unformed accusations against the Defendant under the rubric of Section 404(b).

*Defendants' Motion In Limine To Exclude "Other Crimes Evidence"*, Case No. Cr-16-0411 VC

In *Duran v. City of Maywood,* 221 F.3$^{rd}$1127 (9th Cir. 2000), the court excluded Rule 404(b) evidence stating in pertinent part:

> "In this case, the district court laid out this test and then stated that even if all the factors under Rule 404(b) were met, it believed that the evidence should be excluded under Rule403 for two independent reasons. First, 'the marginally probative value of this evidence is substantially outweighed by the danger of unfair prejudice.' Second, in order to admit evidence of the other shooting, the court would have to have a 'full-blown trial within this trial.' The court noted that according to one of the Defendants' attorneys, an inquiry into the second incident would require 'the testimony of eighteen to twenty-three witnesses, as well as no less than four experts.' The court therefore concluded that 'the marginal value of the evidence is 'substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or by consideration of undue delay, [and] waste of time.'"

This is exactly what will happen if the 404(b) evidence is admitted in the present case.

Defendant Naum Morgovsky asserts that due to the manifest inadequacy of its 404(b) Notice, the Government should be precluded from presenting "other crimes" evidence against him during this trial. At a bare minimum, the Court should require the Government to provide the Court and counsel for the Defendant with a list of all contemplated Rule 404(b) evidence, providing specific information, including the names of witnesses, summary of their expected testimony, the precise dates of the acts relied upon, and any related documentary evidence concerning these charges. See, *U.S. v. Kilroy*, 523 F. Supp. 206, 216 (E.D. Wis., 1981). As part of this showing, the Government must show how the proffered evidence is relevant to one or more issues in this case, articulating precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence. See, *U.S. v. Hernandez-Miranda*, 601 F.2nd, 1104, 1108 (9th Cir. 1979). Even if the Government provided these specifics at this late date, it is doubtful whether the defense could fairly be required to face and rebut such charges, but at least it would assist the Court in assessing the admissibility of the evidence in an orderly manner.

The Government, of course, has itself recognized the inherent weakness of its Rule 404(b) showing by claiming that the vaguely described incidents it refers to in its Notice are alternatively admissible as "inextricably intertwined" with the charges on trial. (Government's Notice, page 2.) This contention, however, does not assist the Government, because, in this Circuit, the "inextricably intertwined" exception applies only when (1) particular acts of the Defendant "are part of … a single criminal transaction," or when (2) "other acts evidence … is necessary in order to permit the Prosecutor to offer a coherent and comprehensive story regarding the commission of the crime. *U.S. v. Beckman*, (298 F. 3rd 798, 791 (9th Cir. 2002). Neither basis for applying the inextricably intertwined exception to Rule 404(b) applies here. The 'same transaction' category applies to evidence that is temporally close to the charged conduct. See *United States v. Vizcarra-Martinez,* 66 F.3rd 1006, 1012 (9th Cir. 1995) (citing contemporaneous drug transactions as example). The Ninth Circuit has even said that evidence "which occurred six months after the charged conduct took place, is arguably too far removed in time to constitute a part of the charged transaction." *United States v. Anderson,* 741 F.3rd 938, 950 (9th Cir. 2013); *United States v. DeGeorge,* 380 F.3rd 1203, 1220 (9th Cir. 2004) (past evidence tending to prove charged fraud too temporally removed to be part of same transaction). In a similar vein, conspiracy cases admitting evidence under the "same transaction" category indicate that the evidence must fall within the temporal scope of the charged conspiracy. *United States v. Yagi,* (N.D. Cal. Oct. 17, 2013) 2013 WL 10570994, at *9 (evidence falling outside the temporal scope of the charged conspiracy is not inextricably intertwined with the conspiracy).

The conduct alluded to in the Government's Notice, having no direct bearing on the charges, does not meet this standard. That conduct, as nearly as we can tell from the

Government's vague description, is not part of a single criminal transaction and does not advance the Prosecutor's ability to make a coherent presentation of the Government's charges on trial.

## CONCLUSION

Rules 403 and 404(b) were designed to ensure defendants a fair and just trial based upon the evidence presented, not upon impermissible inferences of criminal predisposition or by confusion of the issues. It is inconceivable that exposing the jury to any and all Rule 404(b) evidence listed in the Government's notice would not play some significant part in the decision of all or at least some of the jurors.

For the reason as advanced herein, Defendant Naum Morgovsky respectfully submits that the Court should preclude the Government from offering "other crimes" evidence at the trial of this case as requested in the Government's January 30, 2018 Notice. At a minimum, the Court should require the Government to provide the specificity and detail concerning any "other crimes" evidence it wishes to introduce requested in this Motion, and permit Defendant to fairly face and rebut such charges. This will at least enable the Court to assess the admissibility of the evidence in an orderly manner.

Dated: April 16, 2018

                                        Respectfully Submitted,

                                        __/ s / William L. Osterhoudt__

                                        William L. Osterhoudt