ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JOHN HEMANN (CABN 165823)
COLIN SAMPSON (CABN 249784)
ERIN CORNELL (CABN 227135)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7124
    Facsimile: (415) 436-6748
    Email: Colin.Sampson@usdoj.gov

JASON B.A. McCULLOUGH (NYBN 4544953)
Trial Attorney, National Security Division
    600 E Street, NW
    BICN Building, Suite 10606
    Washington, D.C. 20530
    Telephone: (202) 233-0986
    Email: Jason.McCullough@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-00411 VC |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT NAUM MORGOVSKY'S MOTION "MOTION TO COMPEL THE GOVERNMENT TO AFFIRM OR DENY USE OF UNLAWFUL ELECTRONIC, MECHANICAL OR OTHER SURVEILLANCE" (ECF NO. 210) |
| v. | |
| NAUM MORGOVSKY and IRINA MORGOVSKY, | |
| Defendants. | Pretrial Conference: May 30, 2018<br>Time: 1:30 p.m.<br>Honorable Vince Chhabria |

      The United States opposes defendant Naum Morgovsky's ("defendant") Motion to Compel the government to "affirm or deny use of unlawful electronic, mechanical or other surveillance" (ECF No. 210).  In an attempt to cast himself as a general enemy of the federal government and the subject of a

malicious prosecution, Mr. Morgovsky has made a bald claim, without producing a single fact or sworn statement in support, that he believes that "it was entirely probable that the Government at some point" surveilled him electronically. *Id.*, p. 2. Based on this naked suspicion, Mr. Morgovsky asks the Court to issue an order to the government to confirm or deny whether illegal surveillance was conducted. It need not do so, as the government simply denies Mr. Morgovsky's claim.

As an initial matter, Mr. Morgovsky utterly fails to meet his burden with respect to 18 U.S.C. § 3504. The relevant part of the statue is as follows:

> In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the unlawful act.

The Ninth Circuit Court of Appeals, like other courts, has made clear the important role of the district court in balancing the limited right to disclosure of electronic surveillance, if any, against the sensitivity of disclosing such information. *See, e.g., United States v. Wylie,* 625 F.2d 1371, 1376 (9th Cir. 1980) ("the task of striking a balance between 'the conflicting and sensitive interests at state' when this type of question arises 'properly lies with the district court'"); *see also United States v. See*, 505 F.2d 845, 856 (9th Cir. 1974) (same). "'[B]ecause responding to ill-founded claims of electronic surveillance would place an awesome burden on the government, a claim of government electronic surveillance of a party must be sufficiently concrete and specific' before the government must respond" *United States v. Waters*, 627 F.3d 345, 364 (9th Cir. 2010) (quoting *United States v. Tobias*, 836 F.2d 449, 452-53 (9th Cir. 1988) (quoting *United States v. Alter*, 482 F.2d 1016, 1026-27 (9th Cir. 1973)). When responding, "the specificity required of the government's response is measured by the specificity and the strength of the witness' allegations." *In re Grand Jury Investigation,* 437 F.3d 855, 857 (9th Cir. 2006).

Notwithstanding the government's denial, the Court should not entertain Mr. Morgovsky's motion until he provides an unequivocal statement that he has been illegally surveilled and a basis upon which the Court could so conclude. Mr. Morgovsky's claims are so non-specific and unsubstantiated as to amount to a fishing expedition and requires no response. "While a mere assertion of illegal wiretapping unsupported by evidence may suffice [to invoke Section 3504], it must be a positive

statement that unlawful surveillance did in fact take place." *United States v. Nabors*, 707 F.2d 1294, 1301-02 (11th Cir. 1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1271, 79 L.Ed.2d 677 (1984). Mr. Morgovsky does not allege that any of the government's evidence is the result of an illegal act, rather, he muses that he could have been wiretapped (he does not specify whether legally or illegally) and therefore demands an admission from the government. He asserts that "[d]evelopments since January 2017 have not reduced our concern that Mr. Morgovsky has likely been overheard on intercepted conversations." Motion, ECF No. 210, p. 3. He goes on to posit that others around him may even have been surveilled. *Id.*; *see United States v. Gardner*, 611 F.2d 770, 774 (9th Cir. 1980) (where claimant made general allegations lacking substantial support, government's denial is sufficient and firsthand inspection of FBI records by the government is not required); *see also United States v. Vielguth*, 502 F.2d 1257, 1260 (9th Cir. 1974) (general conclusive denial may be a sufficient response to a general claim under Section 3504). Failing to make any unequivocal statement that evidence is the product of unlawful surveillance, Mr. Morgovsky's motion should be denied for failing to meet any burden of persuasion to go forward.

Further, even assuming evidence was illegally gathered (and it was not), the government has not and does not intend to use any assumed surveillance material as "evidence," and therefore Section 3504 is inapplicable. The government obtained search warrants for several email accounts and physical locations in this matter, which were litigated during late 2017. Other evidence comes by way of grand jury subpoena, such as bank records, night-vision purchases, and shipping records. The defendant was charged because he was committing crimes related to the unlawful export of technology, and not because, as he wants the Court to believe, the government is pursuing him because of his association with Russia. Mr. Morgovsky has simply not met his burden that there was an illegal surveillance act of any kind or that any of the government's evidence resulted from it.

///

///

///

The government has disclosed or made available for inspection all statements of the defendant in its possession, whether relevant to Counts 9 through 11 or not. No evidence is the result of an illegal surveillance of either defendant. Defendant's Motion should be summarily denied.

DATED: May 16, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

*/s/ Colin Sampson*
COLIN SAMPSON
ERIN CORNELL
Assistant United States Attorneys
JASON B.A. McCULLOUGH
Trial Attorney, National Security Division