UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>NAUM MORGOVSKY,<br><br>        Defendant. | Case No. 16-cr-00411-VC-1<br><br>**ORDER DENYING § 2255 MOTION**<br>Re: Dkt. No. 557 |

    Morgovsky's motion to set aside the sentence is denied.

    With respect to the claims contained in the original petition, which was filed in October 2022, the Court will assume for argument's sake only that the petition was timely filed, notwithstanding the government's strong argument to the contrary. Counsel's failure to challenge Count 9 of the superseding indictment did not constitute deficient performance within the meaning of *Strickland*, for the reasons discussed in a prior ruling. *See* Dkt. No. 452 at 2–3; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Morgovsky's related sentencing argument—that his sentence exceeds the statutory maximum, and that counsel was ineffective for failing to argue as much—fails for much the same reasons. As to Counts 10 and 11, Morgovsky has raised no genuine factual question about whether counsel performed deficiently in connection with the decision to plead guilty.

    Morgovsky's Rule 32 argument is also unpersuasive—the Court explained the basis for its findings over the course of an approximately two-hour sentencing hearing. *See* Dkt. No. 371; *United States v. Petri*, 731 F.3d 833, 839–41 (9th Cir. 2013). Finally, counsel's decision not to move to disqualify the district judge did not constitute deficient performance; such a motion

would have been denied as frivolous.

To the extent Morgovsky seeks to add new claims through his Traverse filed in December 2022, those claims are denied as untimely. And even if these claims were considered on the merits, they would be denied across the board. For example, Morgovsky has raised no serious issue as to his innocence on Counts 10 and 11, no serious issue regarding prosecutorial misconduct, and no serious issue regarding his sentence for Count 9.

A certificate of appealability is granted as to: (1) whether it was ineffective assistance of counsel not to challenge the validity of Count 9; (2) whether it was ineffective assistance not to challenge the sentence as exceeding the statutory maximum; (3) whether counsel performed deficiently in connection with Morgovsky's decision to plead guilty to Counts 10 and 11; and (4) whether the Court failed to make adequate Rule 32 findings and determinations at sentencing. *See* Dkt. No. 557 at 4 ("Ground One"), 5 ("Ground Two"), 6 ("Ground 3a"), 7 ("Ground 3b"); *see also id.* at 24. A certificate of appealability is denied as to whether counsel was ineffective for failing to seek the district judge's disqualification, *see id.* at 8 ("Ground Four"), and for all other arguments pressed by Morgovsky.

No further filings will be accepted. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: August 9, 2023

VINCE CHHABRIA
United States District Judge